# IN  THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

RICHARD GREEN, #269-134
      Petitioner                :

      v.                       :     CIVIL ACTION NO. PWG-14-2100

FRANK B. BISHOP, JR., WARDEN, et al., :
      Respondents

## MEMORANDUM OPINION

The respondents move to dismiss Richard Green's petition for a Writ of Habeas Corpus as time-barred pursuant to 28 U.S.C. § 2244(d). ECF No. 4. Green was granted an opportunity to response (ECF No. 5), and did so, arguing that mental illness prevented him from filing his petition earlier. Sept. 18, 2014 Opp'n & Oct. 9, 2014 Opp'n, ECF Nos. 6 and 7. I granted the parties the opportunity "to provide supplemental information regarding Green's mental health status and competency while incarcerated between September of 1997 and July of 2014." Oct. 20, 2014 Order 6, ECF No. 8. Respondents filed a supplemental response. ECF No. 9. After reviewing the petition and responses, I find no need for an evidentiary hearing. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts; see also* 28 U.S.C. § 2254(e)(2). For reasons set forth herein, the petition shall be dismissed as time-barred.[1]

The relevant procedural history appears in my October 20, 2014 Order. Most significantly, Green's judgment of conviction became final for direct appeal purposes on Monday, July 27, 1998, when the time for seeking such review expired. *See* Md. Rule 8-302 (requiring certiorari petition to be filed in the Court of Appeals no later than fifteen days after the

---

[1] In the October 20, 2014, order, I considered whether stay and abeyance is appropriate to allow Green the opportunity to present the grounds raised herein to the state courts by way of post-conviction review. Order 6. For reasons apparent herein, such intervention is not warranted.

Court of Special Appeals issues its mandate). Green now claims trial counsel was inexperienced and unqualified based on counsel's withdrawal of the plea of incompetency, which Green claims occurred solely because of scheduling problems. He further claims that neither counsel nor the trial court properly assessed his state of mind and the effect of psychotropic medications he was prescribed during criminal proceedings. Pet. 5–6, ECF No. 1.

As noted, Respondents argue that the Petition is time-barred. The one-year period which applies to habeas petitions begins to run on the date on which the judgment became final by the conclusion of direct review or (if no appeal is taken) upon the expiration of the time for seeking such review. *See* 28 U.S.C. § 2244(d)(1)(A). Here, the limitations period began to run no later than July 27, 1998. Between that time and June 24, 2014, when Green signed his habeas corpus petition,[2] there were no proceedings in state court that would have tolled the limitations period of 28 U.S.C. § 2244(d).

As also noted, Green counters that mental illness prevented him from making a timely filing, such that the limitations period should be tolled in his favor. Sept. 18, 2014 Opp'n; Oct. 9, 2014 Opp'n. In order to be entitled to equitable tolling of the limitations period, Green must establish that either some wrongful conduct by respondents contributed to the delay in filing his federal habeas corpus petition, or that circumstances beyond his control caused the delay. *See Rouse v. Lee*, 339 F. 3d 238, 246 (4th Cir. 2003); *Harris v. Hutchinson,* 209 F. 3d 325, 328 (4th Cir. 2000). "[A]ny resort to equity must be reserved for those rare instances where . . . it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id.; see also Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (recognizing that equitable

---

[2] A petition is deemed filed on the date it was signed. *See Houston v. Lack*, 487 U.S. 266 (1988); *Lewis v. Richmond City Police Department*, 947 F.2d 733, 734-35 (4th Cir. 1991); *United States v. Dorsey*, 988 F. Supp. 917, 919-920 (D. Md. 1998).

tolling requires a showing that the petitioner "has been pursuing his rights diligently, and . . . that some extraordinary circumstance stood in his way."); *Holland v. Florida*, 560 U.S. 631, 634-35 (2010) (equitable tolling limited to the extraordinary circumstance).

Green's petition and motions are clearly written, and he is not currently housed in a mental health facility.  He does not provide details as to the nature of his alleged mental illness, nor does he indicate what his diagnosis was prior to his conviction. Respondents have provided an internal memorandum from Bruce A. Liller, MS, LCPC Mental Health Program Manager for Maryland's Department of Public Safety and Correctional Services, North Branch Correctional Institution Psychology Department, indicating that Green's electronic patient health record does not reflect mental health concerns requiring a diagnosis or treatment.  Mot. Ex. 5, ECF No. 4-5. Mr. Liller updated his examination of Green's mental health file on December 8, 2014, and again noted:

> Green does not have a [mental health] diagnosis nor is there any evidence to suggest he has experienced compromised competency at any time in his incarceration as a result of mental illness.  On the contrary, his history reflects a rather benign mental health history that includes appropriate participation in group therapy services.

Liller Rept., Supp. Resp. Ex. 1, ECF No. 9-1.  The record simply does not support Green's claim that for nearly sixteen years he was unable to pursue habeas corpus relief.

Nothing in the record suggests that following his conviction, Green was psychotic or unable to understand his actions. His failure to exhaust the claims he now raises by way of state post-conviction, and thereafter timely present those claims within the one-year federal limitations period, is not excused under the equitable tolling doctrine.  His federal habeas corpus action shall be dismissed as time-barred.

A habeas petitioner has no absolute entitlement to appeal a district court's denial of his

3

motion. *See* 28 U.S.C. § 2253(c) (1). A certificate of appealability ("COA") may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid clam of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rouse v. Lee,* 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. Daniel,* 529 U.S. 473, 484 (2000)). The court will not issue a COA because Green has not made the requisite showing.

A separate order follows.

05/07/15
Date

_____
Paul W. Grimm
United States District Judge